O

# United States District Court
# Central District of California

JOSEPH MARTINEZ,

              Plaintiff,

    v.

DIAB DIAB; ZIAD DIAB; A&M FINE
WINE AND LIQUOR INC.,

              Defendants.

Case No. 2:15-CV-04653-ODW-AS

**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [22]**

## I.    INTRODUCTION

On June 19, 2015, Joseph Martinez ("Plaintiff") filed a complaint against Diab Diab, Ziad Diab, and A&M Fine Wine & Liquor Inc., alleging violation of Title III of the Americans with Disabilities act ("ADA") and the California Unruh Civil Rights Act ("the Unruh Act"), codified in California Civil Code § 51.  (ECF No. 1.)  The clerk entered default as to Defendants Diab Diab and Ziad Diab on August 7, 2015 and August 18, 2015 respectively.  (ECF Nos. 12, 16.)  On September 17, 2015, Plaintiff filed the present application for default judgment against Defendants Diab Diab and Ziad Diab.[1]  Plaintiff seeks statutory damages, attorneys' fees, and costs as

---

[1] Plaintiff's Application for Entry of Default Judgment does not name the third defendant, A&M Fine Wine and Liquor Inc.

well as injunctive relief requiring Defendants to bring the store into compliance with the ADA Accessibility Guidelines ("ADAAG") and California's Building Code requirements.  (ECF No. 1.)  For the reasons discussed below, the Court **GRANTS** Plaintiff's Application for Default Judgement against Defendants Diab Diab and Ziab Diab (hereinafter "Defendants").

## II.    FACTUAL ALLEGATIONS

Plaintiff is a quadriplegic and cannot walk.  (ECF No. 1, Complaint ("Compl.") ¶ 1.)  He uses a wheelchair for mobility.  (*Id.* ¶1.)  Plaintiff alleges that in February 2015, he visited Cabrillo Liquor Store ("the Store")[2] and encountered a barrier that interfered with his ability to use and enjoy the goods, services, privileges and accommodations offered at the facility.  (*Id.* ¶¶7–9.)  The alleged barrier at issue is a lack of accessible parking spaces for use by persons with disabilities.  (*Id.* ¶10.)  Furthermore, although Plaintiff did not personally encounter further barriers, he contends the path of travel in and throughout the Store is not wheelchair accessible because some aisles are less than 36 inches in width. (*Id.* ¶13.)

Plaintiff argues that he would like to return and patronize the store but is deterred from doing so because the Store's facilities and accommodations are unavailable to physically disabled patrons like himself.  (*Id.* ¶15.)  He contends Defendants were aware of these barriers.  (*Id.* ¶18.)  The Defendants purportedly failed to remove these barriers despite having control and dominion over the conditions of the Store.  (*Id.* ¶16, 18.)  For these reasons, Plaintiff argues that Defendant discriminated against him and the physically disabled public by denying them a full and equal enjoyment of the Store.  (*Id.* ¶14.)

## III.    LEGAL STANDARD

### A.    Default Judgment

Federal Rule of Civil Procedure 55(b) authorizes a district court to grant default judgment after the Clerk enters default under 55(a).  A district court has discretion

---

[2]The Store is located at 1316 South Gaffey Street, San Pedro, California.

whether to enter default judgment.  *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980).  Upon default, the defendant's liability generally is conclusively established, and the well-pleaded factual allegations in the complaint are accepted as true. *Televideo Sys., Inc. v. Heidenthal,* 826 F.2d 915, 917–19 (9th Cir. 1987) (per curiam) (citing *Geddes v. United Fin. Grp.,* 559 F.2d 557, 560 (9th Cir. 1977)).

In exercising its discretion, a court must consider several factors (the "*Eitel* Factors"), including: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the defendant's default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool,* 782 F.2d 1470, 1471–72 (9th Cir. 1986).

## IV.   DISCUSSION

### A.   Procedural Requirements

Before a court can enter default judgment against a defendant, the Plaintiff must satisfy the procedural requirements for default judgment set forth in Federal Rules of Civil Procedure 54(c) and 55, as well as Local Rule 55-1.  Local Rule 55-1 requires that the movant submit a declaration establishing: (1) when and against which party default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is a minor, incompetent person, or active service member; and (4) that the defaulting party was properly served with notice.  *Vogel v. Rite Aid Corp.,* 992 F. Supp. 2d 998, 1006 (C.D. Cal. 2014).

Plaintiff has satisfied these requirements.  The Clerk entered default on defendants Diab Diab and Ziad Diab on August 7, 2015 and August 18, 2015 respectively.  (ECF Nos. 12, 16.)  He also establishes that Defendants are not minors or infants, incompetent persons, in military service, or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940.  (ECF No. 22.)  Defendants were served with notice of Application for Default Judgment on September 17, 2015.  (ECF

1    Nos. 11, 15.)  Finally, Plaintiff complies with Federal Rule of Civil Procedure 54(c)
2    by requesting a remedy not different in kind from that prayed for in the Complaint.
3    (ECF Nos. 1, 22.)  Plaintiff has thus complied with the procedural prerequisites for
4    entry of default judgment.  *See PepsiCo Inc., v. California Security Cans*, 238 F.
5    Supp. 2d 1172, 1175 (C.D. Cal. 2002) (finding that the procedural requirements of
6    Rule 55 and Local Rule 55-1 are been met where plaintiffs address each required
7    factor in their application for default judgment).

8    **B.    *Eitel* Factors**

9        The Court finds that the *Eitel* factors weigh in favor of default judgment.  The
10   Court will discuss each factor in turn.

11       1.    <u>Plaintiff Would Suffer Prejudice</u>

12       The first *Eitel* factor considers whether a plaintiff will suffer prejudice if a
13   default judgment is not entered.  *PepsiCo*, 238 F. Supp. 2d at 1177.  Plaintiff contends
14   that he continues to suffer discrimination due to physical disability because of
15   Defendants' failure to comply with the ADAAG requirements in violation of the ADA
16   and the Unruh Act.  Defendants failed to appear and defend these allegations.  Absent
17   entry of default judgment, Plaintiff will most likely be without recourse, given
18   Defendants' unwillingness to cooperate and defend.  Because Plaintiff will suffer
19   prejudice if he is without recourse against Defendants, this factor favors entry of
20   default judgment.

21       2.    <u>Plaintiff Brought Meritorious Claims and Plaintiff's Complaint Was</u>
22   <u>Sufficiently Plead</u>

23       The second and third factors, the merits of Plaintiff's substantive claim and
24   sufficiency of the Complaint, also support entry of default judgment.

25           <u>i. Americans with Disabilities Act</u>

26       Title III of the ADA provides that "[n]o individual shall be discriminated
27   against on the basis of disability in the full and equal enjoyment of the goods,
28   services, facilities, privileges, advantages, or accommodations of any place of public

accommodation." 42 U.S.C. § 12182(a). "To prevail on an ADA claim, the plaintiff must establish that (1) he is disabled within the meaning of the ADA; (2) defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). Furthermore, to succeed on an ADA claim of discrimination on account of one's disability due to an architectural barrier, the plaintiff must also prove that (1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable. *Parr v. L&L Drive-Inn Rest.*, 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000).

The Court finds that Plaintiff pleaded a valid ADA claim. Here, Plaintiff alleges (1) that he is disabled (Compl. ¶1); (2) that Defendants' business is a place of public accommodation (*Id.* ¶¶ 2, 8); (3) that Plaintiff was denied access to Defendants' business because of Plaintiff's disability (*Id.* ¶14); (4) that Defendants' business has architectural barriers (including lack of parking spots designated for the disabled and accessible routes) (*Id.* ¶10); and (5) that removal of the architectural barriers is readily achievable (*Id.* ¶20). *See Johnson v. Hall,* No. 2:11-cv-2817-GEB-JFM, 2012 WL1604715, at *3, (E.D. Cal. May 7, 2012) (holding that plaintiff's allegation that architectural barriers "are readily removable" and his plea for injunctive relief to remove all readily achievable barriers satisfies his burden). Because plaintiff's allegations are taken as true on default, the Court finds that plaintiff made out a prima facie Title III discrimination claim.

### ii. California Unruh Civil Rights Act

The Unruh Civil Rights Act provides:

> "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every

5

kind whatsoever."

Cal. Civ. Code. § 51(b).

Any violation of the ADA necessarily constitutes a violation of the Unruh Act. *Johnson v. Singh*, No. 2:10-cv-2547 KJM JFM, 2011 WL 2709365, at *3–4 (E.D. Cal. July 11, 2011). Because Plaintiff's complaint properly sets out the necessary elements for his ADA claim, Plaintiff satisfies the necessary elements for his Unruh Civil Rights Act claim. Therefore, because there are no policy considerations which preclude the entry of default judgment on this claim, *Eitel*, 782 F.2d at 1471–72, the Court holds that Plaintiff's Motion for Default Judgment on his Unruh Civil Rights Act claim be granted.

3.   The Amount at Stake Weighs in Favor of Default Judgment

The fourth factor balances the sum of money at stake "in relation to the seriousness of the action." *Lehman Bros. Holdings Inc. v. Bayporte Enters., Inc.*, No. C 11–0961–CW, 2011 WL 6141079, at *7 (N.D. Cal. Oct. 7, 2011) (internal citations and quotations omitted). The amount at stake must not be disproportionate to the harm alleged. *Id.* Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct. *Truong Giang Corp. v. Twinstar Tea Corp.*, No. C 06-03594 JSW, 2007 WL 1545173, at *12 (N.D. Cal. May 29, 2007).

Plaintiff seeks a judgment of $8,180.00, inclusive of statutory damages, attorneys' fees, and costs. Defendants' liability also includes the amount spent to comply with the injunction.[3] However, the ADA limits compliance liability to the removal of barriers that are readily achievable, and in this way caps a defendant's liability. *Vogel,* 992 F. Supp. 2d at 1012. Given Defendants' failure to appear and defend, and thus their failure to show that Plaintiff's requested damages are unreasonable or that they have complied with the ADA and Unruh Act, the Court finds that the amount at stake weighs in favor of default judgment.

---

[3] Plaintiff seeks injunctive relief for physical barriers, including but not limited to handicap accessible parking spaces and accessible paths of travel.

4.      There is No Possibility of Dispute as to Material Facts

The next *Eitel* factor considers the possibility that material facts are disputed. *PepsiCo*, 238 F. Supp. 2d at 1177; *Eitel,* 782 F.2d at 1471–72.  As discussed, Plaintiff has adequately alleged disability discrimination in violation of the ADA and the Unruh Act by enumerating the barriers at the Store in his complaint.  Defendants failed to appear and are therefore held to have admitted all material facts alleged in Plaintiff's pleading.  *See PepsiCo*, 238 F. Supp. 2d at 1177 ("Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages").  Since Plaintiff's factual allegations are presumed true and Defendants failed to oppose the motion, no factual disputes exist that would preclude the entry of default judgment.  This factor, therefore, favors the entry of default judgment against the Defendants.

5.      There is Little Possibility Default was Due to Excusable Neglect

Defendants' default does not appear to be a result of excusable neglect.  Rather, Defendants were properly served with the Complaint on July 20, 2015.  (ECF No. 9.)  In addition, even after Plaintiff served Defendants with the Request for Entry of Default, Defendants failed to appear in this action or otherwise offer any defense. (*See* ECF Nos. 11, 15.)  Other courts recognize that a defendant's failure to respond after receiving notice is unlikely to constitute excusable neglect.  *See, e.g.*, *Craigslist, Inc. v. Kerbel*, No. 11-3309, 2012 U.S. Dist. LEXIS 108573, at *23 (N.D. Cal. Aug. 2, 2012) (noting the unlikeliness that the defendant's default was due to excusable neglect, "especially when Plaintiffs served not only the summons and complaint, but also the request for entry of default on the Defendant but still received no response."). Accordingly, the sixth *Eitel* factor favors default judgment.

6. Policy for Deciding on the Merits Weights in Favor of Granting Default Judgment

In *Eitel*, the court maintained that "[c]ases should be decided upon their merits whenever reasonably possible."  782 F.2d at 1472.  However, where, as in the case at

7

1   bar, a defendant fails to answer the plaintiff's complaint, "a decision on the merits [is]

2   impractical, if not impossible." *PepsiCo*, 238 F. Supp. 2d at 1177 ("Under Fed. R.

3   Civ. P. 55(a), termination of a case before hearing the merits is allowed whenever a

4   defendant fails to defend an action."). Accordingly, the Court finds the seventh *Eitel*

5   factor does not preclude default judgment.

6   **C.   Amount of Plaintiff's Recovery**

7       1. Statutory Damages

8       Plaintiff seeks $4,000 in statutory damages under the Unruh Act. The act

9   provides that a plaintiff subjected to discrimination is entitled to recover $4,000 for

10  each occasion on which he was denied equal access. Cal. Civ. Code § 52(a). Proof of

11  actual damages is not a prerequisite to the recovery of statutory minimum damages.

12  *Botosan v. Paul McNally Reality*, 216 F.3d 827, 835 (9th Cir. 2000). To recover

13  statutory damages, a plaintiff need only show that he was denied full and equal access,

14  not that he was wholly excluded from the defendant's services. *Hubbard v. Twin*

15  *Oaks Health and Rehabilitation Ctr.*, 408 F. Supp. 923, 932 (E.D. Cal. 2004). "A

16  plaintiff is denied full and equal access only if the plaintiff was deterred from

17  accessing a place of public accommodation on a particular occasion." Cal. Civ. Code

18  § 55.56(b).

19      Plaintiff submitted a declaration that provides affirmative evidence of his

20  damages. He states that he visited the Store once, encountered an access barrier, and

21  was deterred from visiting after because he had personal knowledge of the barriers.

22  This suffices to show one violation of the Unruh Act. Thus, an award of $4,000 in

23  statutory damages is appropriate.

24      2. Injunctive Relief

25      Plaintiff also seeks injunctive relief under the ADA and the Unruh Act

26  compelling Defendants to remove the barriers at the Store. A court may grant

27  injunctive relief for violations of the Unruh Act under § 52.1(h). To be entitled to

28  injunctive relief under 42 U.S.C. § 12188(a)(2), Plaintiff must show that Defendants

violated the ADAAG.  "In the case of violations [of the accessibility provisions] of this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities."  *Moeller v. Taco Bell Corp.*, 816 F. Supp. 2d 831, 858 (N.D. Cal. 2011).  Thus, injunctive relief is proper when architectural barriers at defendant's establishment violate the ADA and the removal of the barriers is readily achievable.  *Moreno v. La Curacao,* 463 Fed. Appx. 669, 670 (9th Cir. 2011).

As noted, Plaintiff stated a viable Title III discrimination claim.  There are barriers at the Store that violate ADAAG, and the removal of those barriers by the Defendants are readily achievable so long as Defendants have the ability under the lease agreement and state law to access the premises and make the physical changes necessary to remove the specific barriers.  *See* 42 U.S.C. § 12181(9) (whether the removal of barriers is readily achievable depends, *inter alia*, on the "administrative or fiscal relationship of the facility or facilities in question to the covered entity").

Injunctive relief compelling Defendants to remove barriers at the Store, to the extent they have the legal right to do so under the lease and state law, so as to make the facility readily accessible to and usable by individuals with disabilities is therefore appropriate. Specifically, Defendants are enjoined to remove all architectural barriers identified in Plaintiff's complaint, i.e. Defendants must create a van-accessible parking space that is appropriately labeled and widen the width of the aisles to the extent they have control over these aspects of the store under their lease and state law. *See* 28 C.F.R. § 36.304.

3. Attorneys' Fees

Plaintiff also requests attorney's fees and costs.  Attorneys' fees in default judgments are set by Local Rule 55-3.  Absent special circumstances, in judgments between $1,000.01 and $10,000, the court sets attorneys' fees at $300 plus 10% of the amount awarded over $1,000. *See* L.R. 55-3. The Court has already awarded Plaintiff a total of $4,000 in statutory damages; therefore, attorneys' fees in the amount of $600

is appropriately awarded to Plaintiff as well.  *See Moreno*, 463 Fed. Appx. at 671 (a district court does not abuse its discretion by awarding attorneys' fees under the default fee schedule).

### 4. Costs

As the prevailing party, Plaintiff is also entitled to costs as set forth in 29 U.S.C. § 1920, Federal Rule of Civil Procedure 54(d)(1), and Local Rule 54-2. The Court accepts counsel's declaration regarding costs and accordingly awards $440.00 in costs.

## VI. CONCLUSION

For the reasons stated, the Court grants Plaintiff's application for default judgment against Defendants. The Court awards $4,000 in statutory damages, $600 in attorneys' fees, and $440 in costs.  The Court also enters an injunction against Defendants, compelling them to create a van-accessible parking space that is appropriately labeled and comply with all other ADAAG requirements to the extent they have the power to do so under the terms of any applicable lease agreement and state law.  **IT IS SO ORDERED.**

October 29, 2015

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**